Filed 2/5/14  P. v. Matute CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL MATUTE,<br><br>    Defendant and Appellant. | B250840<br><br>(Los Angeles County<br>Super. Ct. No. BA402015) |

THE COURT:[*]

Defendant and appellant Michael Matute (defendant) appeals from a judgment of conviction of sex crimes against a child.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On November 25, 2013, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, and finding no arguable issues, affirm the judgment.

---

[*]    ASHMANN-GERST, Acting P. J., CHAVEZ, J., FERNS, J.[†]

[†]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Defendant was charged with one count of sexual intercourse or sodomy with Maria G. (Maria), a child 10 years of age or younger, in violation of Penal Code section 288.7, subdivision (a), and two counts of lewd acts upon Maria, a child under the age of 14 years, in violation of Penal Code section 288, subdivision (a).

A jury convicted defendant of all three counts as charged. On August 19, 2013, the trial court sentenced defendant to the mandatory term of 25 years to life in prison for the violation of Penal Code section 288.7, subdivision (a), and to the high term of eight years on count 2. As to count 3, the court sentenced defendant to the middle term of six years, to be served concurrently with the term imposed as to count 2. Defendant filed a timely notice of appeal.

The prosecution evidence showed that prior to July 27, 2012, defendant lived with Maria's mother and her mother's five children, two of them fathered by defendant, in a one-bedroom apartment. When Maria was in the fourth and fifth grades, defendant touched her breast and buttocks on several occasions, and penetrated her anus with his penis at least once or twice. Maria was 11 years old when she testified regarding defendant's behavior. The jury also heard a recording of Maria's interview by Nicole Farrell, LCSW and child interview specialist, in which Maria described the abuse much as she did in her testimony.

Los Angeles Police Department Detective Blanca Pasos interviewed defendant and a recording of the interview was played for the jury. After waiving his *Miranda* rights,[1] defendant was given to understand that a medical examination of Maria showed sexual abuse, when in fact the report had been inconclusive. After initial denials, defendant admitted touching Maria's breasts and vagina with his hands, and penetrating her anus once with the tip of his penis, using Vaseline. Defendant expressed remorse and hoped that Maria would forgive him. After the interview, defendant wrote a statement in which he again admitted using Vaseline and expressed remorse.

---

[1]     See *Miranda v. Arizona* (1966) 384 U.S. 436, 444–445.

After the trial court denied defendant's motion to dismiss pursuant to Penal Code section 1118.1, defendant testified. He read a prepared statement admitting he touched Maria's breasts over her clothing, got on top of her, and used Vaseline, but claimed he did not penetrate her anus. During cross-examination defendant admitted he inserted his penis in Maria, but claimed he went no further than between the cheeks of her buttocks. Defendant also testified he had been sexually abused as a child in Honduras, and that if Maria were in court, he would ask her forgiveness.

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.